# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| JAMES E. SISK, JR., *Plaintiff,* | CIVIL ACTION NO. 3:11-CV-11 |
| v. | MEMORANDUM OPINION |
| JAMES H. BRANCH, JR. *Defendant.* | JUDGE NORMAN K. MOON |

This action for damages was originally filed in the Circuit Court for Culpeper County, Virginia, and was removed to this court pursuant to 28 U.S.C. § 1441 *et seq.* Plaintiff seeks to hold Defendant James H. Branch, Sheriff of Culpeper County, liable for assault and battery and violations of Plaintiff's rights under the federal and state constitutions. Now pending before the court is Defendant's motion to dismiss with prejudice pursuant to Rule 12(b)(6). (docket no. 6). For the reasons set forth below, I will grant the motion as to the federal claim, and remand the state law claims to the Circuit Court.

### I.

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009) (quoting

1

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [wrongdoing]." *Twombly*, 550 U.S. at 556.

In considering the instant motion, I must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the Plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). It is alleged that on January 25, 2009, Deputy Sheriffs Putnam and Jones (the "Deputies"), of the Sheriff's Department of Culpeper County, Virginia, responded to an emergency call at Plaintiff's home. At the time, the Deputies were wearing uniforms and displaying other indicia of state authority. Upon arrival at the home, the Deputies found Plaintiff sitting in a chair, only partially clothed, and incoherent. Plaintiff's "domestic companion," Ms. Sowers ("Sowers"), who had placed the call, indicated to the Deputies that she had called for medical assistance because she was concerned about the Plaintiff's health and safety, and not because of any aggressive or assaultive behavior.

Despite Sowers's indication to the contrary, the Deputies suspected that Plaintiff was under the influence of PCP, or some other substance, and requested permission to search the premises for illegal drugs. Sowers consented and the Deputies searched the premises to no avail. The Plaintiff did not smell of alcohol. Nonetheless, the Deputies persisted in their opinion that Plaintiff was under the influence of some substance. Consequently, they forbade the rescue squad that had arrived from taking Plaintiff to a medical facility for evaluation and treatment. Instead, they approached Plaintiff in an aggressive manner, and demanded that he follow their directions. The Plaintiff, who was obviously unresponsive, and who was not aware of what was happening around him, made a movement that was interpreted by the Deputies as an

unsuccessful attempt to hit them, whereupon they forced Plaintiff to the ground, restrained, and arrested him. As a result, Plaintiff suffered serious injury to his arm and back.

Despite Sowers's requests, the Deputies took Plaintiff to a jail, rather than a medical facility. Hours later, the jailor at the Culpeper County Jail observed that the Plaintiff was still unresponsive, and caused the Plaintiff to be transported to Culpeper Hospital for evaluation. Soon after admission, while he was still unresponsive, he was transferred to the University of Virginia Medical Center. When he finally became aware of his surroundings, he could remember none of the events that had begun when the Deputies arrived at his home. Both medical treatment facilities had determined that Plaintiff was not under the influence of any drug, including alcohol. Rather, he was diagnosed with an "undetermined alteration of his consciousness." Subsequently, Plaintiff was accused of assault on police officers and resisting arrest. However, the General District Court of Culpeper dismissed the latter charged, and the grand jury for Culpeper Country declined to indict Plaintiff on the former charge. Therefore, Plaintiff faces no charges arising out of the incident.

Rather than seek recovery against the Deputies, Plaintiff seeks to hold Sheriff James H. Branch, Jr. (the "Sheriff") liable for the Deputies' behavior. The Deputies were in the employ of the Sheriff, and Plaintiff avers that the Sheriff is therefore "responsible for the actions of those [Deputies] wearing the uniform and exercising the authority of the Sheriff's Department of Culpeper County. . . ." It is alleged that the Deputies' actions constituted assault and battery, and violations of Plaintiff's civil rights under the United States and Virginia constitutions.

## II.

The complaint essentially raises three theories of relief: (1) relief pursuant to 42 U.S.C. § 1983 for violation of unspecified federal constitutional rights; (2) relief pursuant to provisions of the state constitution; and (3) assault and battery.

### A.

*Respondeat superior* is inapplicable to § 1983 claims. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (concluding that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy . . . ."). The Fourth Circuit has "recognized section 1983 claims against supervisory employees where citizens 'face a pervasive and unreasonable risk of harm from some specified source . . . [and] the supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the offensive [practices].'" *Carter v. Morris*, 164 F.3d 215, 220 (4th Cir. 1999) (quoting *Slakan v. Porter*, 737 F.2d 368, 373 (4th Cir. 1984)). To prevail on such a claim, the Plaintiff must show: "actual or constructive knowledge of a risk of constitutional injury, deliberate indifference to that risk, and an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Carter*, 164 F.3d at 221. (quotations omitted).

Plaintiff has not pleaded any facts from which it could plausibly be inferred that the Sheriff exercised "deliberate indifference" to a "pervasive and unreasonable risk of harm," or that the Deputies acted pursuant to some policy or custom that was likely to deprive Plaintiff of his rights. Nor has Plaintiff alleged that the Sheriff had knowledge of a risk of injury, or that there was a causal link between the Sheriff's action or inaction and the injury allegedly suffered

4

by Plaintiff. Moreover, Plaintiff does not even identify which constitutional rights are alleged to have been violated. Accordingly, dismissal of the § 1983 claim is appropriate pursuant to Rule 12(b)(6).

Generally, a court will not dismiss a claim with prejudice without first allowing the plaintiff an opportunity to file an amended complaint. *Ostrzenski v. Seigel*, 177 F.3d 245, 252-253 (4th Cir. 1999). Leave to amend should be given "freely . . . when justice so requires." Fed. R. Civ. P. 15(a). However, the court may deny leave to amend if it would be futile, *Forman v. Davis*, 371 U.S. 178, 182 (1962), *i.e.*, the amended claims "would still fail to survive a motion to dismiss." *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995).

Plaintiff requests leave to amend his § 1983 claim "to further state the cause against the Defendant and against Deputies Putnam and Jones." In considering a § 1983 claim, the court must apply the state statute of limitations for personal injury actions. *Owens v. Okure*, 488 U.S. 235, 251-50 (1989). In Virginia, § 1983 claims "shall be brought within two years after the cause of action accrues." Va. Code § 8.01-243(A); *Billups v. Carter*, 604 S.E.2d 414, 419 (Va. 2004). As the cause of action accrued over two years ago, the possibility of adding the Deputies as defendants is foreclosed. *See Billups*, 604 S.E.2d at 420 (reversing denial of motion to add party where motion "was made within the two-year limitation period applicable to § 1983 claims."); *See also* Fed. R. Civ. P. 15(c)(1)(C)(ii) (no relation back unless the party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."). Therefore, to the extent Plaintiff seeks to add the Deputies as defendants, Plaintiff's request must be denied.

Furthermore, Plaintiff has not articulated any additional available facts that could plausibly inculpate the Sheriff under § 1983. At a hearing on instant motion, counsel for

5

Plaintiff suggested that he would amend the complaint to allege defects in the training, directions, or policies that the Sheriff provided. However, there is no indication that Plaintiff has any basis for alleging such defects, other than the Deputies' alleged misconduct. This is precisely the issue confronted in *Twombly*. There, the complaint alleged that the defendants engaged in parallel conduct, and that it could thus be inferred that defendants had entered an agreement in restraint of trade, in violation of the Sherman Act, 15 U.S.C. § 1. *See Twombly*, 550 U.S. at 553-54. However, while parallel conduct was consistent with the alleged conspiracy, it could readily be explained by market forces. *Id.* Thus the claim could not proceed absent some additional "evidence tending to exclude the possibility of independent action." *Id.* at 554. Likewise here, the claim that the Sheriff failed to provide proper training cannot go forward merely because the Deputies allegedly engaged in misconduct.

Nor may a plaintiff arbitrarily choose his theory of relief and seek discovery in the hopes that it will uncover favorable facts. In such cases, the alleged facts would not support a "reasonable expectation that discovery will reveal evidence of [wrongdoing]." *Twombly*, 550 U.S. at 556. *See also Morrow v. Farrell*, 50 F. App'x 179, 179-80 (4th Cir. 2002) (unpublished opinion) (approving of denial of further discovery as a "fishing expedition," where appellant "failed to identify any specific facts that he was yet to discover."). As the proposed amended claim would "still fail to survive a motion to dismiss," the § 1983 claim will be dismissed with prejudice. *Perkins*, 55 F.3d at 917.

**B.**

This court may exercise supplemental jurisdiction over Plaintiff's state law claims as they arise out of the same "case or controversy" as Plaintiff's § 1983 claim. 28 U.S.C. § 1367. However, where, as here, all of the federal claims are "eliminated at an early stage of the

litigation, the District Court [has] a powerful reason to choose not to continue to exercise jurisdiction," and may remand the remaining claims to the state court. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988). Accordingly, I decline to invoke the court's jurisdiction over the state law claims, and will remand those claims to the Circuit Court for Culpeper County.

## III.

For the reasons set forth above, I will dismiss Plaintiff's § 1983 claim with prejudice, and remand the case to the Circuit Court for appropriate disposition.

The Clerk of the Court is directed to send a certified copy of this opinion and the accompanying order to all counsel of record, and to the Clerk of the Court of the Circuit Court for Culpeper County.

Entered this ___4th___ day of May, 2011.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE